UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

L.A.*,* on behalf of her minor son A.A.,

*Plaintiff,*

-against-

The New York City Department of Education, David
C. Banks, as Chancellor of New York City Public
Schools, and Ketler Louissant, as Superintendent of
District 75,

*Defendants.*

------------------------------------------------------------------ x

**STIPULATION AND
PROTECTIVE ORDER RE:
CONFIDENTIALITY AND
DISCLOSURE**

No. 24-cv-7489 (DEH)

      **WHEREAS** Plaintiff commenced this action alleging, *inter alia*, Defendants violated her son A.A.'s rights (the "Action");

      **WHEREAS** Defendants and Plaintiff (together, the "Parties"; individually, a "Party") seek discovery that would require the production of documents and information that Plaintiff and/or Defendants deem to be confidential and/or otherwise inappropriate for public disclosure;

      **WHEREAS** this Stipulation and Protective Order is intended to allow the Party required to produce documents and information in the Action (the "Producing Party") to designate documents and information as confidential, and to limit the use and re-disclosure of those documents or that information; and

      **WHEREAS**, the Parties believe that good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, as follows:

1.   As used herein, "Confidential Material(s)" shall mean the following documents, or any and all information contained within those documents:

    a.    Any document(s) or information relating to any student, including but not limited to documents, information or data relating to student records, individual education plans, grades, assignments, coursework, grievances and complaints, school services, medical records, therapy and psychiatric records;

    b.    Any document(s) or information prepared by or maintained in the custody of DOE that is/are sensitive or confidential, including, but not limited to, employee personnel records, documents reflecting proprietary information, personal health information, age, race, national origin, sexual orientation, or gender;

    c.    Any document(s) or information which counsel for the Parties agree should be considered Confidential Material; and

    d.    Testimony about the documents and information covered by Paragraph 1(a)-(c).

## Designation of Confidential Materials

2.   The Producing Party may designate documents that it produces in the Action, or information contained within those documents, as "Confidential Materials" by writing or stamping "CONFIDENTIAL" on each page containing such information that it sends to the party receiving documents and information in this litigation (the "Receiving Party"). If the document is produced in its native format, the Producing Party need only write or stamp "CONFIDENTIAL" on the slip sheet associated with the native file.

3.   No document or information shall be deemed "Confidential Materials" to the

extent that it is (i) properly obtained by the Receiving Party from a source other than the Producing Party; or (ii) otherwise publicly available.

**Inadvertent Disclosure of Confidential or Privileged Materials**

4.    The inadvertent production of Confidential Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of their status as Confidential Materials.   Upon receiving reasonable notice from the Producing Party that Confidential Materials have not been appropriately designated, all such information shall be re-designated promptly as Confidential Materials and treated accordingly.

5.    The inadvertent disclosure during discovery of any information that is protected by the attorney-client privilege, work-product protection and/or other common law privileges from disclosure ("Protected Material") shall not waive the privilege or protection in connection with this Action, or any other federal or state proceeding, for either that Protected Material or the subject matter of that Protected Material.

6.    If the underlying claim of privilege or protection is contested, the Parties shall comply with Federal Rule of Civil Procedure 26(b)(5)(B), and the Producing Party may promptly seek a judicial determination of the matter pursuant to that Rule.

7.    If, during the course of the litigation, a Producing Party determines it has inadvertently produced Protected Material:

    a.    the Producing Party must notify the Receiving Party of such production and demand the return of such information (a "Clawback Demand").   Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, and then promptly followed up in writing.   The Producing Party's written notice will identify the Protected Material produced by Bates-labeled number range, the privilege or protection claimed, and the

basis for the assertion of the privilege, and shall provide the Receiving Party with information for such Protected Material that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection and the claim of inadvertent production. To the extent the Protected Material includes portions that do not contain privileged or protected information and are reasonably severable from those portions that do contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection from disclosure.

b.      The Receiving Party must immediately sequester the document or information, and within ten (10) days of receiving the Producing Party's written notification described above, return or destroy the Protected Material and any copies, along with any notes, abstracts, or compilations of the content thereof. Protected Documents shall not be reviewed, disclosed, or otherwise used by the Receiving Party except in connection with motion practice relating to a challenge of the asserted protection, or as ordered by the Court.

8.   If, during the course of the Action, a Party determines that any Protected Material disclosed by another Party is or may reasonably be subject to a legally recognizable privilege or protection from disclosure:

a.      the Receiving Party shall: (i) refrain from reading the Protected Material any more closely than is necessary to ascertain that it is or may reasonably

be privileged or otherwise protected from disclosure; (ii) promptly notify the Producing Party in writing (or on the record in a deposition) that it has discovered documents that may be privileged or protected; (iii) specifically identify the potentially Protected Material by Bates-label number range; and (iv) immediately sequester all copies of such Protected Material along with any notes, abstracts, or compilations of the content thereof.  If a Producing Party issues a Clawback Demand for the identified produced material or information, the Parties shall follow the procedures in Paragraph 7 above. Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially Protected Material.

9.   Unless the Receiving Party seeks an order compelling production of the documents or information covered by the Clawback Demand in accordance with paragraph 11, within ten (10) business days of receiving the Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege or other protection from disclosure, the Receiving Party shall notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must treat such material in the same manner as the Receiving Party. The Receiving Party's return, sequestering or destruction of Protected Material as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed information on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that the disclosure or production of the Protected Material, standing alone, acts as a waiver of an applicable privilege or evidentiary protection.

10. If a Receiving Party disagrees with a Producing Party's claim that certain

documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon fulfilling any obligation to meet and confer as may be required by applicable rule or law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. If the Court so orders, the Producing Party will submit the Protected Material under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Material until such claim is resolved. The Receiving Party may not use the Protected Material for any other purpose absent this Court's order. The Court's decision resolving the Receiving Party's motion shall govern the treatment of the disputed documents and/or information.

**Use of Confidential Materials**

11. All Confidential Materials obtained in this Action shall be used by a Receiving Party, or any attorney retained by a Receiving Party, solely for the prosecution or defense of the claims and affirmative defenses in this Action and shall not be used by the Receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose. The information shall be used solely for this Action and shall not be disclosed to any person whose involvement is not necessary to this Action.

12. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material may be disclosed only to:

    a.    counsel representing the Parties, employees of counsel or counsel's office, persons acting under counsel's supervision, co-counsel or attorneys assisting with this action, and employees and independent contractors of counsel who are directly involved in the preparation, litigation or defense of this Action;

b.      the individual Plaintiff, who shall be informed of this Order and shall be bound by it;

c.      the officers or employees of Defendants who are either required or requested by counsel to assist in the preparation, litigation, or defense of this Action;

d.      the Parties' experts and consultants, as necessary for the preparation, litigation, or defense of this Action, in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

e.      any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this Action only, who authored or otherwise previously had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the Action to which the document or information relates or for whom there is a legitimate basis to question them regarding the document, in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Protective Order,;

f.      any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Protective Order;

g.      court reporters, as necessary for the conduct of this litigation;

h.      the Court and its staff, with the proviso that any documents that would be publicly filed by the Parties in the normal course, will comply with the provisions of Paragraph 17 of this Stipulation and Protective Order;

i.     any mediator or arbitrator retained to assist with resolving and/or settling the claims of this Lawsuit and members of the arbitrator's or mediator's staff and assistants;

j.     the parties' insurers and their staff and assistants, members, officers, board members, directors or other legal representatives; and

k.     any auditor or regulator of a party entitled to review the Confidential Materials due to contractual rights or obligations, or federal or state laws, or Court orders, but solely for such contractual or legal purposes.

13. As used in this Stipulation/Order, disclosure of Confidential Materials by a Receiving Party includes the written or oral transmission of the document or information designated as Confidential Material.

14. Any Party in possession of Confidential Materials shall disclose such material, including the information contained therein, to a person identified in sub-paragraphs 13(c)-13(f) of this Stipulation and Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge such information to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request provide it to the Producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the Action, whichever comes first.

15. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript pages that include such testimony, together with any exhibits consisting of Confidential Materials, shall be prominently marked "CONFIDENTIAL."  This transcript shall be deemed to be Confidential Materials within

the meaning of this Stipulation and Protective Order.

16. If any paper that incorporates any Confidential Information or reveals the contents of Confidential Information is filed with the Court, the party submitting those papers shall seek the Court's permission to file those papers or portions of papers under seal in accordance with the rules of the United States District Court for the Southern District of New York and the individual rules of the judge to whom the papers are directed.

17. A Receiving Party who believes that a Producing Party has designated information "Confidential" that is not entitled to such protection may write a letter to the Producing Party asking that the Confidential Materials designation be removed or modified and explaining the reason(s) why the Receiving Party does not believe that the information is entitled to the designated protection. The Producing Party shall have a reasonable time under the circumstances in which to respond to the Receiving Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the Producing Party believes that the confidentiality designation is proper. If the Producing Party does not respond or refuses to remove or modify the confidentiality designation, the Receiving Party may seek relief from the Court.

18. Except as provided herein, nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

**Miscellaneous Provisions**

19. This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

20. Within 30 days after the termination of this Action, including any appeals, any Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the Producing Party or, upon the written consent of the Producing Party's counsel, shall be destroyed, except that counsel for the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Materials, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order." Counsel may also retain any Confidential Materials as necessary to comply with the Rules of Professional Conduct or other law. All Receiving Parties or persons who have possessed Confidential Materials shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) in writing to counsel for the Producing Party.

21. Nothing in this Stipulation and Protective Order shall be construed to limit or expand any Producing Party's authority to use the Confidential Materials that it produces in any manner.

22. The Parties reserve the right to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

23. This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

24. Emailed or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

25. At the trial of this Action, or at any hearing relating to this Action, before any judicial officer, subject to paragraph 10 above, the Rules of Evidence, and any order of the Court,

a Party may use Confidential Materials for any purpose, provided that a minimum of three days'

notice is given to Counsel for the opposing Party to obtain appropriate protection from the Court.

Dated:          May 14, 2025
                New York, New York


**SIMPSON THACHER AND BARTLETT**      **MURIEL GOODE-TRUFANT**
**LLP**                               *Corporation Counsel of the City of New York*
Attorneys for Plaintiffs              Attorney for Defendants
425 Lexington Ave                     100 Church Street
New York, NY 10017                    New York, NY 10007
Telephone: (212) 455-2000             t: (212) 356-8766
Fax: (212) 455-2502                   f: (212) 356-1148
cwaldman@stblaw.com                   e: jimbiano@law.nyc.gov
david.elbaum@stblaw.com               By:    */s/ Jason Imbiano*
kelsey.vickery@stblaw.com                    JASON IMBIANO
By:    */s/ Kelsey Vickery*                  *Assistant Corporation Counsel*
       KELSEY VICKERY, ESQ.


**LEGAL SERVICES NYC**
Attorneys for Plaintiffs
60 Bay Street
9th Floor
Staten Island, NY 10301
Telephone: (718) 233-6480
Fax: (718) 233-6462
mbroodie-stewart@lsnyc.org

40 Worth Street
Suite 606
New York, NY 10013
Telephone: (646) 442-3658
mbanks@lsnyc.org
By:    */s/ M'Ral Broodie-Stewart*
       M'RAL BROODIE-STEWART, ESQ.


                                      SO ORDERED:

                                      _____
                                      Dale E. Ho.
                                      United States District Judge
                                      Dated: May 15, 2025
                                      New York, New York

## EXHIBIT A

I, _____, the undersigned, hereby acknowledge that I have read the

Confidentiality Stipulation and Protective Order (the "Order") entered in the United States District

Court for the Southern District of New York dated _____, 2025, in L.A., *et ano*

v. New York City Department of Education, *et al.*, No. 24-CV-7489 (DEH) (the "Action"), and

understand its terms.  I agree not to use the Confidential Materials for any purpose other than in

connection with the prosecution or defense of this Action, and will not further disclose the

Confidential Materials except in testimony taken in this Action.  I understand that Confidential

Materials and any copies, notes, or other records that I make regarding Confidential Material shall

not be used or disclosed to others, except in conformity with the Order, and that I may be held in

contempt of court if I violate the terms of this Order.


Dated: _____      _____
                                                        Signature

                                                        _____
                                                        Name (Printed)

                                                        _____
                                                        Occupation